UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
_____

In re:

    Kevin L. Cleveland                     CHAPTER 12

    Teri A. Cleveland                      Case No.: 21-20341

                        Debtor(s).
_____

## SECOND AMENDED CHAPTER 12 PLAN

The Debtors herein, Kevin C. Cleveland and Teri A. Cleveland (the "Debtors"), submit the following Plan pursuant to Chapter 12 of the United State Bankruptcy Code:

### I. PAYMENTS

1.    The Debtors shall submit a portion of their future income to the control and supervision of the Trustee as is necessary for the execution of this Plan. The Debtors shall pay the Trustee the amount of $2900.00 per month, on the 1st day of each month, commencing on the 1st day of the first month following confirmation of this Plan (the "Effective Date"). The term of Plan payments to the Trustee is sixty (60) months, and the total amount of said payments is $174,000.00.

### II. CLASSIFICATION OF CLAIMS

2.    The Debtors designate the following classes of claims:

The allowed claim of the United States of America, acting through the Farm Service Agency ("FSA") in the amount of $297,389.84, based on a filed Proof of Claim shall be bifurcated and paid as two separate secured claims as Classes 1 and 2.

    **Class I**:    The allowed claim of the FSA in the amount of $92,339.84 as of the Petition Date fully secured by a first mortgage against Debtor Kevin C. Cleveland's interest in the farm and land known as 4678 Stony Ridge Road, Campbell, New York and a second mortgage

against Debtor Teri A. Cleveland's interest in a rental property known as 5045 Stony Ridge Drive, Campbell, New York.

**Class II**: The allowed claim of the FSA in the amount of $205,050.00 as of the Petition Date fully secured by a first lien blanket security interest in the Debtors' farm machinery and equipment, livestock, crops, inventory and accounts.

**Class III**: The allowed claim of Rushmore Loan Management Services in the amount of $24,644.67 as of the Petition Date, based on a filed proof of claim, fully secured by a first mortgage encumbering Debtor Teri A. Cleveland's interest in real property at 5045 Stony Ridge Road, Campbell, New York.

**Class IV**: The allowed claim of Deere & Company (hereinafter "John Deere"), in the amount of $4,435.48, based on a filed proof of claim, fully secured by a purchase money security interest in one Kuhn Knight 8114 manure spreader.

**Class V**: The allowed claim of John Deere in the amount of $672.31, based on a filed proof of claim, fully secured by a purchase money security interest in one GLE chisel plow.

**Class VI**: The allowed claim of John Deere in the amount of $838.53, based on a filed proof of claim, fully secured by a purchase money security interest in one John Deere 7000 corn planter.

**Class VII**: The allowed claim of CNH Industrial Capital America LLC in the amount of $1,157.70 based on a filed proof of claim, fully secured by a purchase money security interest in on a Richardton Dump Wagon SN 733.

**Class VIII**: The allowed claim of M&T Bank in the amount of $54,382.39, based on a filed proof of claim, encumbering the business assets of the Debtor, subject to a senior perfected first lien blanket security interest in favor of FSA.

**Class IX**: The allowed claim of Steuben County Finance Department in the amount of $2,061.04, based on a proof of claim filed by Debtors, for past due real estate taxes against premises of Debtor Teri A. Cleveland known as 5045 Stony Ridge Road, Campbell, New York.

**Class X**: The allowed claim of Steuben County Finance Department in the amount of $8,568.27, based on a proof of claim filed by Debtors, for past due real estate taxes against premises of Debtor Kevin L. Cleveland known as 4678 Stony Ridge Road, Campbell, New York.

**Class XI**: The allowed claims of creditors other than classes I through X.

### III. TREATMENT OF CLAIMS

3. Each holder of a secured claim shall retain the lien securing such claim to the extent of the allowed amount of such claim, until the claim is paid in full.

4. Claims shall be paid as follows:

**Class I**: FSA, as holder of such Class I claim, shall be paid in the amount of $92,339.84, with interest thereon from the Effective Date of the Plan at the discount rate of 2.125% per annum, in monthly installments of $300.51 commencing on the first day of the first month following the Effective Date and continuing until such Class I claim is paid in full with interest as provided herein. Payments in respect of such Class I Claim shall be made through the Trustee for the sixty (60) month term of the Plan as provided herein, and directly by the Debtors thereafter. The repayment term is thirty-seven (37) years.

FSA is granted a continuing rollover lien retroactive to the date of the filing of this case, with respect to all of its collateral of the same nature, extent and priority held by FSA on the date of filing.

**Class II**: FSA, as holder of such Class II claim, shall be paid in the amount of $205,050.00, with interest thereon from the Effective Date of the Plan at the discount rate of 1.75% per annum, in monthly installments of $1013.21 commencing on the first day of the first month following the Effective Date and continuing until such Class II claim is paid in full with interest as provided herein. Payments in respect of such Class II Claim shall be made through the Trustee for the sixty (60) month term of the Plan as provided herein, and directly by the Debtors thereafter. The repayment term is twenty (20) years.

FSA is granted a continuing rollover lien retroactive to the date of the filing of this case, with respect to all of its collateral of the same nature, extent and priority held by FSA on the date of filing.

**Class III**: Rushmore Loan Management Services., as holder of such Class III claim, shall be paid in the amount of $24,644.67, with interest thereon from the Effective Date of the Plan at the discount rate of three percent (3%) per annum, in monthly installments of $113.90 (includes $10.00 a month for required mortgage insurance) commencing on the first day of the first month following the Effective Date and continuing until such Class III claim is paid in full with interest as provided herein. Payments in respect of such Class III Claim shall be made through the Trustee for the sixty (60) month term of the Plan as provided herein, and directly by the Debtors thereafter. The repayment term is thirty (30) years.

Rushmore Loan Management Services is granted a continuing rollover lien retroactive to the date of the filing of this case, with respect to all of its collateral of the same nature, extent and priority held by Rushmore Loan Management Services on the date of filing.

**Class IV**: The Class IV claim of John Deere in the amount of $4,435.48 shall be deemed fully secured and shall be paid in full with interest thereon at the discount rate of 4.25%

per annum, in fixed monthly installments in the amount of $82.19, commencing on the 1st day of the first month following the Effective Date, through payments to the Trustee as provided herein.

**Class V**: The Class V claim of John Deere in the amount of $672.31 shall be deemed fully secured and shall be paid in full with interest thereon at the discount rate of 4.25% per annum, in fixed monthly installments in the amount of $12.46, commencing on the 1st day of the first month following the Effective Date, through payments to the Trustee as provided herein.

**Class VI**: The Class VI claim of John Deere in the amount of $838.53 shall be deemed fully secured and shall be paid in full with interest thereon at the discount rate of 4.25% per annum, in fixed monthly installments in the amount of $15.54, commencing on the 1st day of the first month following the Effective Date, through payments to the Trustee as provided herein.

**Class VII**: The Class VII claim of CNH Industrial Capital America LLC in the amount of $1,157.70 shall be deemed fully secured and shall be paid in full with interest thereon at the discount rate of 4.25% per annum, in fixed monthly installments in the amount of $21.45, commencing on the 1st day of the first month following the Effective Date, through payments to the Trustee as provided herein.

**Class VIII**: The Class VIII claim of M&T Bank shall be valued and allowed in the amount of $10.00. The allowed amount of such Class VIII claim shall be paid within thirty (30) days of the Effective Date, whereupon the lien securing such claim shall be void, and the holder of such Class VIII claim shall provide the Debtor with a UCC-3 termination statement. The unsecured balance of such claim ($54,372.39) shall be classified and treated as a Class XI general unsecured claim.

**Class IX**: The Class IX claim of Steuben County Finance Department in the amount of $2,061.04 shall be deemed fully secured and shall be paid in full with interest thereon at

the rate of 12% per annum, in fixed monthly installments in the amount of $45.85, commencing on the 1st day of the first month following the Effective Date, through payments to the Trustee as provided herein.

**Class X**: The Class X claim of Steuben County Finance Department in the amount of $8,568.27 shall be deemed fully secured and shall be paid in full with interest thereon at the rate of 12% per annum, in fixed monthly installments in the amount of $190.60, commencing on the 1st day of the first month following the Effective Date, through payments to the Trustee as provided herein.

**Class XI**: The amount of approximately $48,000.00 shall be paid in respect of all Class X claims of general unsecured creditors, as filed and allowed, from payments to the Trustee as provided herein. Class XI creditors are projected to receive a divided equal to approximately twenty-five percent (25%), based on the claims as currently scheduled or filed, in the total amount of $187,931.57.

## IV. DISTRIBUTION OF PLAN PAYMENTS

5. The Trustee shall make distribution from payments made by the Debtors to the Trustee under the Plan as follows:

(a) First, in payment of Trustee fees and expenses entitled to priority as an expense of administration pursuant to 11U.S.C. §503(b);

(b) Second, in respect of the fixed payments due in respect of the Class I through Class VII claims, when payments are due as provided herein;

(c) Third, in payment of expenses entitled to priority as an expense of administration pursuant to 11 U.S.C. §503(b), including the balance of attorney's fees and expenses in the amount of $3,500.00; and

(d) Fourth, pro rata in respect of Class XI claims.

## V. MEANS OF EXECUTION OF THE PLAN

6. Title to the property of the estate, subject to valid and existing liens, shall vest in the Debtors upon confirmation of the Plan.

7. The Debtors shall continue in control of their business and shall have all rights to operate in the ordinary course of business. Debtors shall maintain insurance on Debtor's farm machinery and equipment, livestock, and real property and shall pay all future real property taxes as they come due. During the term of the Plan, the Debtors may obtain credit secured by a lien against property of the estate with Court approval, subject to the rights of existing secured creditors under State Law.

8. The Debtors shall be allowed to suspend Plan payments to the Trustee for a maximum period of three (3) months during the principal term of the Plan, upon written notice to the Trustee. The accumulated arrearages, if any, due to suspension of Plan payments, may be cured by the Debtors at any time on or before the date that the final payment to the Trustee is due under the Plan.

## VI. PROVISION FOR ASSUMPTION/REJECTION OF EXECUTORY CONTRACTS

9. Effective on and as of the Effective Date of the Plan, any and all executory contracts and unexpired leases that exist with the Debtors and any person which (i) have not expired or terminated pursuant to their own terms, or (ii) have not previously been assumed, or assumed and assigned or rejected pursuant to an order of the Bankruptcy Court on or prior to the date of the Order confirming the Plan, or (iii) are not the subject of pending motions to reject as of the date of the Order confirming the Plan, or (iv) are not specified in a list of executor contracts and unexpired leases to be rejected pursuant to the Plan are hereby specifically assumed.

10. At is sole option or in accordance with the terms of a Bankruptcy Court Order, the Debtors shall satisfy all undisputed cure and any other monetary default payments required by Bankruptcy Code Section 365(b)(1) under any executory contract and unexpired lease assumed pursuant to the Plan, but only to the extent any such executor contract or unexpired lease is actually in default (and to the extent such obligations are enforceable under the Bankruptcy Code and applicable non-bankruptcy law): (a) by payment of such undisputed cure amount, without interest, in cash within sixty (60) days following the Effective Date; (b) by payment of such other amount as ordered by the Bankruptcy Court; or (c) on such other payment terms as agreed to by the parties to such assumed executor contract or unexpired lease. In the event of a dispute, payment of the amount otherwise payable hereunder shall be made without interest, in cash (a) thirty (30) days following entry of a final order liquidating and allowing any disputed amount or as soon as practical thereafter, or (b) on such other terms as agreed to by the Debtors and the party to such executory contract or unexpired lease.

Dated: January 31, 2022

/s/ Kevin L. Cleveland
_____
Kevin L. Cleveland

Dated: January 31, 2022

/s/ Teri A. Cleveland
_____
Teri A. Cleveland

Dated: January 31, 2022

/s/ Mark A. Weiermiller
_____
Mark A. Weiermiller, Esq.
Cooper, Pautz, Weiermiller & Daubner, LLP
Attorneys for the Debtors
2854 Westinghouse Road
Horseheads, NY 14845
Telephone No: (607) 739-8763